UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

ALISA MOVSESYAN,

     Plaintiff,                    Case No:

                                      Judge
v.                             Magistrate

THE TJX COMPANIES, INC.,

     Defendant.

---

Neil A. Davis (P47046)
LAW OFFICE OF NEIL A. DAVIS, PLC
Attorney for Plaintiff
30500 Northwestern Hwy., Ste 500
Farmington Hills, MI  48334
248.865.7740 / 248.904.1984 (fax)
Neil@NDavisLaw.com

John J. Gillooly (P41948)
GARAN LUCOW MILLER, P.C.
Attorney for Defendant
1155 Brewery Park Blvd., Ste 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com

---

**NOTICE FOR REMOVAL OF CAUSE TO
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
<u>SOUTHERN DIVISION</u>**

NOW COMES Defendant, THE TJX COMPANIES, INC., by and through its attorneys, GARAN LUCOW MILLER, P.C., and hereby gives notice of its removal of this action from the Circuit Court for the County of Oakland State of Michigan (Case No. 19-175726-NO) to the United States District Court for the Eastern District of Michigan Southern Division,

pursuant to 28 U.S.C. §§ 1332 and 1441.   In support of its Notice of Removal, THE TJX COMPANIES, INC. states as follows:

1.     An action has been commenced against Defendant THE TJX COMPANIES, INC. in the Circuit Court for the County of Oakland, State of Michigan, entitled Alisa Movsesyan v. The TJX Companies, Inc. Case No. 19-175726-NO.  Copies of the Summons and Complaint, and all pleadings filed are attached hereto as **Exhibit A**.

2.     THE TJX COMPANIES, INC. was served with copies of the Summons and Complaint, Plaintiff's First Interrogatories to Defendant and Plaintiff's First Request for Production of Documents to Defendant through its registered agent by certified mail on August 15, 2019.  This Notice of Removal is due within thirty (30) days following receipt thereof, and is therefore timely under 28 U.S.C. § 1446(b)(1).

3.     In her Complaint, Plaintiff alleges that she suffered an injury located at 31145 Orchard Lake Rd., in the City of Farmington Hills, in the County of Oakland and State of Michigan.  Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court.  (**Exhibit A**, ¶3)

## **GROUNDS FOR REMOVAL**

4.     This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

5.     The United States District Court for the Eastern District of Michigan, Southern Division, has original jurisdiction because this is an action (a) wherein the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs; and (b) between citizens of different states.

6.     Plaintiff alleges in her Complaint that she is a resident of the County of Oakland and resides in Michigan. (**Exhibit A**, ¶1)  Thus, Plaintiff is a citizen of Michigan.

7.     THE TJX COMPANIES, INC., is a foreign corporation with its principle place of business located in Framingham, Massachusetts.  (See the State of Massachusetts Corporations Bureau Confirmation pages for The TJX Companies, Inc., attached hereto as **Exhibit B**.)  Thus, Defendant THE TJX COMPANIES, INC. is a citizen of the State of Massachusetts.

8.     Because Plaintiff is a citizen of Michigan and Defendant, THE TJX COMPANIES, INC. is a citizen of Massachusetts, there is complete diversity of citizenship between the parties.

9.     Further, the amount in controversy exceeds $75,000 as discerned from the allegations in Plaintiff's Complaint and pertinent jury verdict and settlement research.   A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000.   See 28 U.S.C. § 1446(c)(A)-(B); see also Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993), abrogated on other grounds, Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010).

10.     Plaintiff has alleged that she "sustained severe injuries resulting in constant pain, discomfort, disability, emotions distress, mental and physical anguish, inability to perform many activities which she was able to perform prior to the accident; required to undergo extensive medical care and treatment and may and my, in the future, be required to undergo additional medical care and treatment; required to expend various sums of money and/or incur various monetary obligations for her medical care and

4

attention and may, in the future, be required to continue to make additional expenditures and/or incur additional monetary obligations and loss of earnings and loss of earning capacity".  (**Exhibit A**, ¶12, 13, 14 and 15). Plaintiff's allegations of injuries reflect a substantial likelihood that this controversy involves claims exceeding $75,000.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

12    THE TJX COMPANIES, INC. has satisfied or will satisfy all of the procedural requirements for removal under 28 U.S.C. § 1446.

a.    In accordance with 28 U.S.C. § 1446(a), this is the appropriate court for removal because the state court in which this action was commenced, the Oakland County Circuit Court, is within this Court's district and division. Copies of all process, pleadings, and orders served upon The TJX Companies, Inc. in this action, including the Summons and Complaint, Plaintiff's First Interrogatories to Defendant and Plaintiff's First Request for Production of Documents to Defendant are attached as **Exhibit A**. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

b.    In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is being timely filed within 30 days of the receipt of the Summons and Complaint.

c.    In accordance with 28 U.S.C. § 1446(d), The TJX Companies, Inc. is promptly notifying Plaintiff in writing that this case has been removed to this Honorable Court pursuant to this Notice of Removal.    The TJX Companies, Inc. has, contemporaneously with the filing of this Notice of Removal, filed a copy of the same with the court clerk of the Oakland County Circuit Court.

13.    The prerequisites for removal have been met.  If any questions arise as to the propriety of the removal of this action, THE TJX COMPANIES, INC. respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

14.    In removing this action, THE TJX COMPANIES, INC. specifically reserves all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant THE TJX COMPANIES, INC. hereby petitions to remove this case from the Circuit Court for the County of Oakland, State of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

Respectfully submitted,
GARAN LUCOW MILLER, P.C.

 /s/John J. Gillooly
GARAN LUCOW MILLER, P.C.
1155 Brewery Park Blvd., Suite 200
Detroit, MI   48207-2641
313.446.5501
jgillool@garanlucow.com
P41948

DATED:   August 28, 2019

DETROIT-#1464383.docx

6

# EXHIBIT A

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **6th** JUDICIAL DISTRICT<br>**Oakland** JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 2019-175726-NO |

Court address                            Court telephone no.

Oakland County Circuit Court of 1200 N. Telegraph, Pontiac, MI 48343

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Alisa Movsesyan | v | The TJX Companies, Inc. |

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling

Plaintiff's attorney, bar no., address, and telephone no.
Neil A. Davis P47046
30500 Northwestern Hwy., Ste. 500
Farmington Hills, MI 48334
(248) 865-7740

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>8/13/2019 | Expiration date*<br>11/12/2019 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (8/18)  **SUMMONS**                      MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

**PROOF OF SERVICE**

**SUMMONS**
Case No. 2019-175726-NO

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

_____
Signature

FILED   Received for Filing   Oakland County Clerk   8/12/2019 2:00 PM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ALISA MOVSESYAN,

               Plaintiff,

vs.

CASE NO.: 2019-175726-NO
HON. Shalina Kumar

THE TJX COMPANIES, INC.,

               Defendant.

_____/

NEIL A. DAVIS P47046
Attorney for Plaintiff
30500 Northwestern Hwy, Suite 500
Farmington Hills, MI 48334
248-865-7740; 248-904-1984 (fax)

_____/

## FIRST AMENDED COMPLAINT

    NOW COMES the above-named Plaintiff, by and through counsel undersigned and for and as her Complaint, states as follows:

    1.    That Plaintiff is a resident of the State of Michigan.

    2.    That Defendant owned, leased, managed and/or had possession and control of a property located at 31145 Orchard Lake Rd., Farmington Hills, MI 48334 and did so on or about October 5, 2018.

    3.    That the amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars and that jurisdiction is vested in this Court.

### COUNT I

    4.    Plaintiff restates and re-alleges all previous paragraphs.

    5.    That at all times pertinent hereto, Defendant, by and through its servants, agents, tenants and/or employees, expressly or impliedly invited members of the public, including Plaintiff, onto its premises.

6.      That at all times pertinent hereto, Plaintiff was lawfully upon Defendant's premises pursuant to its express and/or implied invitation and pursuant to the express and/or implied invitation of its servants, agents, tenants and/or employees.

7.      That on or about October 5, 2018, Plaintiff suffered severe injuries on Defendant's premises when suddenly, despite looking where she was walking, and without warning, she slipped on a clear, liquid substance in Defendant's aisleways.

8.      That at no time pertinent hereto was there objectively any reason for a casual observer, such as the Plaintiff, to discover the hazard.

9.      That Defendant, by and through its servants, agents and/or employees, owed to Plaintiff the duty to use reasonable care and to keep its premises in a reasonably safe condition and to take reasonable care to know the actual condition of the premises and to either make it safe or warn the Plaintiff of dangerous conditions.

10.     That Defendant, by and through its servants, agents and/or employees, owed to Plaintiff the duty, pursuant to statute, ordinance and/or contract, to maintain its property, including its aisles and similar areas in a proper state of repair and maintained free from hazardous conditions.

11.     That Defendant, by and through its servants, agents and/or employees, breached the above referenced duties and, in addition, was negligent as follows:

      a.      By failing to provide Plaintiff with a safe area in which to traverse;

      b.      By failing to keep its premises free from hazardous, unsafe and dangerous conditions;

      c.      By failing to timely and adequately inspect the area so as to eliminate all hazards and dangerous conditions;

      d.      By failing to hire, train and retain adequate and competent personnel to inspect, supervise, and carry out its jobs in a reasonably safe manner;

      e.      By failing to promulgate and/or enforce adequate rules and regulations;

2

f.   By failing to timely remove or eliminate the hazardous and unsafe condition and/or timely warn Plaintiff of the same;

g.   By failing and neglecting to correct and/or repair and/or warn of dangerous conditions which Defendants or its agents or servants knew or should have known were unsafe;

h.   By failing and neglecting to exercise due care to prevent and obviate the existence of a situation known to Defendants or that should have been known, which might result in injury to Plaintiff;

i.   By failing and neglecting to inspect the premises to discover any possible defect which may pose a potential hazard to Plaintiff;

j.   By failing to exercise reasonable care and prudence to render the premises safe for business invitees and/or social guests;

k.   By failing to anticipate that a person invited onto its premises would not discover or realize the danger of the aforesaid inadequate condition, or would fail to protect themselves against that condition;

l.   Failing to maintain its premises in accordance with the International Building Code and/or Property Maintenance Codes;

m.   Failing to keep its aisleways safe;

n.   By failing to take reasonable care to know the actual condition of its premises and in the exercise of reasonable care, either remedy or correct the dangerous conditions, or adequately warn the invitee of the presence of a dangerous condition upon the premises; and

o.   Other acts and/or omissions which will be ascertained during discovery in which Plaintiff reserves the right to amend and incorporate herein.

12.   That as a direct and proximate result of Defendant's negligence, Plaintiff sustained severe injuries resulting in constant pain, discomfort, disability, emotional distress, mental and physical anguish and the inability to perform many activities which she was able to perform prior to the accident

13.   That as a further direct and proximate result of Defendant's negligence, Plaintiff has been required to undergo extensive medical care and treatment and may, in the future, be required to undergo additional medical care and treatment.

3

14.    That as a further direct and proximate result of Defendant negligence, Plaintiff has been required to expend various sums of money and/or incur various monetary obligations for her medical care and attention and may, in the future, be required to continue to make additional expenditures and/or incur additional monetary obligations.

15.  That as a further direct and proximate result of the acts and/or omissions constituting negligence hereinbefore set forth, Plaintiff has sustained loss of earnings and a loss of earning capacity.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and against Defendant in whatever amount Plaintiff is found to be entitled to, together with costs, interest and attorney fees.

**COUNT II**

16.    Plaintiff restates and re-alleges all previous paragraphs.

17.    Defendant had a duty to use due care, or to so govern its actions as not to unreasonably endanger the person or property of others.

18.    Defendant breached its duty to use due care as not to unreasonably endanger Plaintiff by actively and/or negligently creating and/or allowing to exist a hazardous condition on its aisleways.

19.    As a direct and proximate result of Defendant's negligence, Plaintiff sustained the damages referenced in Count I of this Complaint.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and against Defendant in whatever amount Plaintiff is found to be entitled to, together with costs, interest and attorney fees.

**COUNT III**

20.    Plaintiff restates and re-alleges all previous paragraphs.

21.    Defendant, as a storekeeper, has an independent duty to keep its aisles safe for its invitees.

22.    That Defendant, by and through its servants, agents and/or employees, breached the above referenced duty by actively and/or negligently creating and/or allowing to exist for a sufficient length of time, a hazardous condition on its aisleways.

4

23.   As a direct and proximate result of Defendant's negligence, Plaintiff sustained the damages referenced in Count I of this Complaint.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in her favor and against Defendant in whatever amount Plaintiff is found to be entitled to, together with costs, interest and attorney fees.

DAVIS LAW CENTER

/s/Neil A. Davis
NEIL A. DAVIS (P47046)
Attorney for Plaintiff
30500 Northwestern Hwy, Ste. 500
Farmington Hills, MI 48334
(248) 865-7740

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ALISA MOVSESYAN,

           Plaintiff,

vs.

THE TJX COMPANIES, INC.,

           Defendant.

CASE NO.: 2019-175726-NO
HON. SHALINA KUMAR

_____/

NEIL A. DAVIS P47046
Attorney for Plaintiff
30500 Northwestern Hwy, Suite 500
Farmington Hills, MI 48334
248-865-7740; 248-904-1984 (fax)

_____/

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT

    NOW COMES the above-named Plaintiff, by and through counsel undersigned requests the following Interrogatories submitted pursuant to MCR 2.309, et seq., be answered by the Defendant in writing and under oath within twenty-eight (28) days from the filing hereof.

    The information requested must be given whether acquired by you, your agents, representatives, attorneys, or any other person who has made this information known to you, or from whom you can obtain this information.

    These Interrogatories shall be deemed continuing in nature and supplemental answers thereto shall be required immediately upon receipt thereof, should the Defendant directly or indirectly obtain further or different information, from the time Answers are served to the time of trial.

    The use at trial of any witnesses known to the Defendant and not revealed by way of Defendant's Answers to these Interrogatories or subsequent supplemental answers to questions raised by these Interrogatories shall be objected to by the Plaintiff herein.

    DEFINITION: "Premises" as it appears herein refers to the Marshall's store located at 31145 Orchard Lake Road, Farmington Hills, MI 48334.

1.   State the name, address and job position of each and every person who in any way assisted in answering these Interrogatories.

**ANSWER:**


2.   State the names and addresses of each and every owner of the property where Plaintiff alleges she was injured and which is the subject of Plaintiff's Complaint.

**ANSWER:**


3.   State the names, addresses of each and every managing person or entity of the Premises where Plaintiff alleges she was injured and which is the subject of Plaintiff's Complaint.

**ANSWER:**


4.   State whether Defendant or any of its agents, representatives or employees witnessed the incident described in Plaintiff's Complaint and if so, identify each witness by name, address and job description.

**ANSWER:**


5.   State the exact location of Plaintiff's fall on October 5, 2018?

**ANSWER:**


6.   Describe any and all lighting or illumination in the area where Plaintiff fell on October 5, 2018?

**ANSWER:**

2

7.    Has the area in which Plaintiff fell on October 5, 2018 been changed, repaired, or modified in any way since October 5, 2018?

**ANSWER:**

8.    If your answer to Interrogatory 7 is in the affirmative, state the following:

   a.    Date(s) of each and every such change, repair and/or modification;

   b.    Name, address and phone number of entity and/or person performing each such change, repair and/or modification; and

   c.    Specific description of each such change, repair and/or modification performed.

**ANSWER:**

9.    State whether Defendant hired, employed or contracted outside help to maintain the premises where Plaintiff alleges she was injured; and

   a.    Name, address and telephone number of each person or entity performing any such service;

   b.    Whether a written contract existed between Defendant and any such person or entity performing such service.

   c.    The rate of pay to each person and/or entity responsible for performing any such service;

   d.    Whether such person and/or entity still performs these services upon Defendant's Premises; and

   e.    A brief description of the duties for which each person and/or entity was responsible.

**ANSWER:**

3

10.     Was an incident report prepared concerning the October 5, 2018 incident which is the subject of Plaintiff's Complaint?  If so, please state:

      a.      Location where any such incident report is kept;

      b.      Name and address of the person(s) in custody of any such incident report;

      c.      Number of pages included in any such incident report;

      d.      Word for word recitation of the contents of any such incident report.  In the alternative, attach same to your answers to these interrogatories.

**ANSWER:**

11.     Prior to Plaintiff's incident on October 5, 2018, state whether Defendant took any actions whatsoever to warn persons, including Plaintiff, about the condition of the premises and/or the hazard of spilled substances in the area surrounding the Premises which is the subject of Plaintiff's Complaint. If so, state:

      a.      Specific description of the type of warning given;

      b.      Date(s) of any such warning; and

      c.      Name, address, phone number and job description of each person who took said action.

**ANSWER:**

12.     For the week prior and at any time on October 5, 2018, state whether or not Defendant took any action(s) to inspect the Premises which is the subject of Plaintiff's Complaint.  If so, please state:

      a.      Date(s) and time(s) on which the inspections occurred;

      b.      Name and address of the person(s) making any such inspections;

      c.      Specific action(s) taken during any such inspection;

      d.      Each and every finding or conclusion made during each inspection;

      e.      Whether a written report or document was prepared concerning the results of any such inspection.

**ANSWER:**

13.      Does Defendant dispute that Plaintiff was an "invitee" on its Premises on or about October 5, 2018?

**ANSWER:**

14.      If your answer to the preceding Interrogatory is in the affirmative, please state each and every fact, piece of evidence and exhibit Defendant will use to support its position that Plaintiff was not an invitee on or about October 5, 2018.

**ANSWER:**

15.      Does Defendant believe or have information tending to show that the injuries claimed to have been sustained by Plaintiff were caused or contributed to by any negligent act or omission on the part of any party not named as a Defendant in this suit.  If so, please state:

      a.      The name and address of each such party;

      b.      The nature of each such negligent act or omission and the manner in which it was committed or omitted;

      c.      The name and address of each person who has personal knowledge of any information concerning each such negligent act or omission on the part of each such person.

**ANSWER:**

16.     Does Defendant believe or have information tending to show that Plaintiff was guilty of any negligence causally contributing to the injuries referred to in the Complaint. If so, state:

      a.     Each fact upon which Defendant basis such claim and all information within Defendant's knowledge that tends to show such negligence on the part of Plaintiff;

      b.     The name and address of each person having personal knowledge of the facts and information set forth in Answer to this Interrogatory.

**ANSWER:**

17.     State the full name and last known address of every witness known to Defendant or to its attorneys who claims to have seen or heard Plaintiff make any statement or statements pertaining to any of the events or happenings alleged in the Complaint.

**ANSWER:**

18.     For the five-year period preceding October 5, 2018, had Defendant ever been sued for injuries allegedly sustained as a result of slips/trips and falls on the Premises? If so, state the following:

      a.     Case number and Court in which each lawsuit was filed;

      b.     Date(s) of any such alleged injury;

      c.     Names and addresses of the plaintiffs attorneys involved in any lawsuit;

      d.     Name of the Plaintiff in each such lawsuit;

      e.     Outcome or resolution of any such lawsuit.

**ANSWER:**

19.    State the name, address and affiliation with Defendant of the person with the most knowledge as to complaints received by Defendant regarding the condition of its premises, which is the subject of Plaintiff's Complaint.

**ANSWER:**

20.    State the name and addresses of all managers and supervisors who were at the Premises which is the subject of Plaintiff's Complaint on October 5, 2018 at the time of the Plaintiff's injury.

**ANSWER:**

21.    Does Defendant have or know of any photographs, motion pictures, video, diagrams, measurements, surveys or other descriptions in any way concerning the events and happenings alleged in Plaintiff's Complaint. If so, as to each such item state:

        a.     Its specific subject matter;

             i.     Complete description of each and every document supporting your answer.

        b.     The date it was made, taken or prepared;

        c.     The name and last known address of the person in possession of any such items.

**ANSWER:**

22.    State the name, address, phone number and job position of the individual(s) who had any responsibility whatsoever for the maintenance of the Premises on or about October 5, 2018 and with respect to said individual(s), state:

7

    a.      Job description and date of hire of said individual(s);

    b.      Word for word recitation of individual's application for employment.  In the alternative, you may attach same to your answers to these interrogatories;

    c.      Whether said individual(s) underwent training and a specific description of same;

    d.      Whether said individual ever received disciplinary action or reprimands while in the employ of Defendant and a specific description of same.

**ANSWER:**

23.      State whether or not Defendant was covered under a policy of insurance which insured against the type of occurrence in which Plaintiff was involved on or about October 5, 2018.  If so, please state:

    a.      The name of the insurance company;

    b.      The policy number;

    c.      The policy limits;

    d.      Any applicable exclusions;

    e.      The dates on which said coverage began and ended.

**ANSWER:**

24.      If any "excess", "supplemental", or "umbrella" insurance coverage is available for monetary coverage of this claim, state:

    a.      Name and business address of each such insurance carrier;

    b.      The policy number and policy limits of each such policy.

**ANSWER:**

25. With respect to each of Defendant's experts that will be utilized at the time of trial, please state the following:

a. Address;

b. Area or field of expertise;

c. A detailed list of material provided said expert for review;

d. The date said expert was first contacted;

e. State the exact educational background and experience of said expert which qualifies him to be an expert in this matter;

f. Pursuant to MCR 2.310, please attach a copy of said expert's current curriculum vitae/resume to your answers to these Interrogatories;

g. Pursuant to MCR 2.302(B)(4), please state the following:
(i) The subject matter about which the expert is expected to testify;

(ii) The substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

(iii) State whether or not you have received a written report from said expert. If yes, please attach a copy of said report to your answers to Interrogatories pursuant to MCR 2.310.

**ANSWER:**

26. Does Defendant maintain written policies and/or procedures with respect to inspection of its Premises? If so state the following:

i. Word for word recitation of the content of said policies;

  ii. Date each and every such policy was promulgated and/or distributed to

   Defendant's employees;

  iii. Dates of any and all amendments to said policies and a word for word

   description of said amendments.

**ANSWER**:

27. Does Defendant maintain written policies and/or procedures with respect to the display of merchandise on its Premises?  If so state the following:

  iv. Word for word recitation of the content of said policies;

  v. Date each and every such policy was promulgated and/or distributed to

   Defendant's employees;

  vi. Dates of any and all amendments to said policies and a word for word

   description of said amendments.

**ANSWER**:

28. State the names, addresses, job position and phone number of all personnel whose job duties required their presence in the department Plaintiff in on October 5, 2018.

**ANSWER:**

29.     Identify with specificity the factual basis as required by MCR 2.111(F)(3) for Defendant's Affirmative Defenses.

**ANSWER:**

30.     Identify with specificity each and every exhibit and/or tangible piece of evidence Defendant will utilize to support its Affirmative Defenses.

**ANSWER:**

31.     Does Defendant dispute that Plaintiff slipped and fell while on Defendant's premises on October 5, 2018?

**ANSWER:**

32.     If the answer to the preceding interrogatory is in the affirmative, please provide the following information:

      a.     Names, addresses, job positions and phone number of each and every witness that will support Defendant's contention;

      b.     A specific description of each and every document and/or tangible piece of evidence Defendant will utilize to support this contention at the time of trial.

**ANSWER:**

33. Did Defendant have possession and control of the premises on or about October 5, 2018?

**ANSWER:**

34. If your answer to the preceding interrogatory is in the negative, please state each and every fact, piece of evidence and exhibit Defendant will use to support its position that Defendant was not in possession and control of the premises on or about October 5, 2018.

**ANSWER:**

35. State the exact date and time Defendant became aware of the slip and fall alleged in Plaintiff's Complaint.

**ANSWER:**

36. Provide a word for word recitation of Defendant's document and/or video retention policy in effect as of October 5, 2018. In the alternative, you may attach same to your answers.

**ANSWER:**

37. Provide the names, addresses and phone numbers of all security personnel working at the Premises on October 5, 2018.

**ANSWER:**

**DAVIS LAW CENTER**

/s/Neil A. Davis
NEIL A. DAVIS P47046
Attorney for Plaintiff
30500 Northwestern Hwy, Ste. 500
Farmington Hills, MI 48334
(248) 865-7740

The Answers to these Interrogatories and the documents furnished in connection therewith are true, accurate and complete to the best of my knowledge, information and belief.

/s/_____   Dated:_____,2019

_____
Printed Name

13

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ALISA MOVSESYAN,

        Plaintiff,

vs.

THE TJX COMPANIES, INC.,

        Defendant.

CASE NO.: 2019-175726-NO
HON. SHALINA KUMAR

_____/

NEIL A. DAVIS P47046
Attorney for Plaintiff
30500 Northwestern Hwy, Suite 500
Farmington Hills, MI 48334
248-865-7740; 248-904-1984 (fax)

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

NOW COMES the Plaintiff(s), by and through counsel undersigned, NEIL A. DAVIS and requests pursuant to MCR 2.310 that Defendant produce for inspection and copying all documents as that term is defined in MCR 2.310(A)(2) specified herein which are in Defendant's possession, custody and control.

### DEFINITIONS AND INSTRUCTIONS

1.    "Document" means, without limitation, and in the broadest sense possible, all writings, which include microfilm, papers, books, records, memoranda, contracts, pictures, photographs, print-outs, electronic data compilations, tapes, pleadings, correspondence and all other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic or other copy, magnetic or electrical impulse, or other form of communication is recorded or reproduced, and includes preliminary drafts, studies, analyses and reports as well as a copy or copies of any of the foregoing now in the possession, custody or control of the Defendant responding to this request, or its counsel, agents, employees and any and all persons acting on its or their behalf.

2.    Any reference to any person, entity or corporation includes that person's entity's or corporation's subsidiaries, affiliates, directors, officers, employees, agents, attorneys or any other person or entity acting on its behalf.

3.      With respect to any document for which you claim a privilege, identify the documents, state the privilege involved, and state the factual and legal basis for the claimed privilege. Identify the documents by stating (a) the type of documents (letter, memo, etc.), (b) the identity of the author, (c) the date authored or originated, (d) the identity of each person to whom the original or a copy was addressed or delivered, (e) the identity of every other person who has ever had possession of the document.

4.      In accordance with MCR 2.310(B)(2), your written response "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified."

5.      In accordance with MCR 2.310(B)(5), the documents shall be produced "as they are kept in the usual course of business," or you "shall organize and label them to correspond with the categories in the request."

6.      Pursuant to MCR 2.310(A)(1), these requests encompass all items "within your possession, custody or control."

7.      Pursuant to MCR 2.302(E), these requests are continuing in character so as to require you to reasonably amend or supplement your response if you obtain further material or information.

8.      If in responding to these requests you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

DEFINITION: "Premises" as it appears herein refers to the Marshall's store located at 31145 Orchard Lake Road, Farmington Hills, MI 48334.

### DOCUMENTS REQUESTED

1.      Any and all incident reports relating to and/or referring to the October 5, 2018 incident which is the subject of Plaintiff's Complaint.

RESPONSE:

2.      Any and all photographs of the area in which Plaintiff fell at the time of the incident on October 5, 2018 and which is the subject of Plaintiff's Complaint.

2

**RESPONSE:**

      3.      Any and all photographs of the are in which Plaintiff fell following the incident on October 5, 2018 and which is the subject of Plaintiff's Complaint.

**RESPONSE:**

      4.      Any and all witness statements.

**RESPONSE:**

      5.      Any and all statements made by the Plaintiff(s).

**RESPONSE:**

      6.      Any and all complaints and/or reports concerning the slip and falls at Defendant's premises for the five (5) years preceding the incident alleged in Plaintiff's Complaint.

**RESPONSE:**

      7.      Any and all documents, photographs, videotapes, diagrams and/or measurements obtained pursuant to any accident investigation following the incident on October 5, 2018 and which is the subject of Plaintiffs' complaint.

**RESPONSE:**

      8.      Any and all work schedules, duty rosters for personnel employed at Defendant's Premises on October 5, 2018.

**RESPONSE:**

      9.      Any and all employee handbooks and/or rules and/or policies pertaining to the display of merchandise on Defendant's premises as of October 5, 2018.

**RESPONSE:**

10.     Any and all employee handbooks and/or rules and/or policies pertaining to the inspections of Defendant's premises as of October 5, 2018.

**RESPONSE:**


11.     Any and all photographs and/or videotapes of Plaintiff.

**RESPONSE:**


12.     Copies of any and all exhibits, both demonstrative and evidentiary, which Defendant intends on utilizing at the time of trial.

**RESPONSE:**


13.     Curriculum Vitae of each and every expert Defendant intends on utilizing at the time of trial.

**RESPONSE:**


14.     Any and all statutes, industry standards, building codes, trade practices and/or other authoritative materials Defendant intends to utilize and/or rely upon at the time of trial.

**RESPONSE:**


15.     Any and all documents supporting your answers to Plaintiff's Interrogatories to Defendant.

**RESPONSE:**


16.     Any and all warnings made available to invitees and/or licensees of Defendant's premises, on October 5, 2018 relative to the presence of slippery substances on its floors.

**RESPONSE:**

17.     Copies of any and all legal complaints (lawsuits) filed against Defendant as owner of the premises arising from injuries allegedly sustained as a result of a slip and/or trip and fall for the three-year period preceding October 5, 2018.

**RESPONSE:**

18.     Any and all contracts and/or written agreements between Defendant and another person and/or entity as it pertains to the display and/or inspection of merchandise on Defendant's premises, for the three-year period preceding October 5, 2018.

**RESPONSE:**

19.     Any and all documents and/or evidence Defendant will utilize at the time of trial to establish it was not in possession or control of the Premises on October 5, 2018.

**RESPONSE:**

20.     Defendant's document and/or video retention policy in effect as of October 5, 2018.

**RESPONSE:**

**DAVIS LAW CENTER**

/s/Neil A. Davis
NEIL A. DAVIS P47046
Attorney for Plaintiff
30500 Northwestern Hwy, Ste. 500
Farmington Hills, MI 48334
(248) 865-7740

# EXHIBIT B

Mass. Corporations, external master page                                         Page 1 of 2



**William Francis Galvin**
Secretary of the Commonwealth of Massachusetts

# Corporations Division

## Business Entity Summary

**ID Number: 042963233**          `Request certificate`    `New search`

**Summary for:  THE TJX COMPANIES, INC.**

| | |
|---|---|
| **The exact name of the Foreign Corporation:**  THE TJX COMPANIES, INC. |
| **Merged with COMMONWEALTH DIRECT MARKETING, on** 07-18-1996<br>**Merged with CODE BLAZER, INC. on** 01-12-1998 |
| **Entity type:**  Foreign Corporation |
| **Identification Number:** 042963233          **Old ID Number:** 001001896 |
| **Date of Registration in Massachusetts:**<br>06-05-1987 |
| **Date of Withdrawal:**  03-04-1991          **Last date certain:** |
| **Organized under the laws of: State:** DE **Country:** USA **on:** 05-12-1987 |
| **Current Fiscal Month/Day:** 01/31          **Previous Fiscal Month/Day:** 01/00 |
| **The location of the Principal Office:**<br><br>Address:  ZAYRE CORP., TAX DEPT. 770 COCHITUATE ROAD<br>City or town, State, Zip code,        FRAMINGHAM,  MA  01701   USA<br>Country: |
| **The location of the Massachusetts office, if any:**<br><br>Address:<br>City or town, State, Zip code,<br>Country: |
| **The name and address of the Registered Agent:**<br><br>Name:   JAY MELTZER<br>Address:  C/O TJX CO.,770 COCHITUATE RD.,<br>City or town, State, Zip code,        FRAMINGHAM,  MA  01701   USA<br>Country: |

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| PRESIDENT | BERNARD CAMMARATA | 43 SARAH WAY, CONCORD, MA USA |
| TREASURER | STEVEN R. WISHNER | 92 FOX RUN SUDBURY, MA 01776 USA |

**Business entity stock is publicly traded:**  ☐

Mass. Corporations, external master page                                        Page 2 of 2

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| Class of Stock | Par value per share | Total Authorized | | Total issued and outstanding |
|---|---|---|---|---|
| | | No. of shares | Total par value | No. of shares |
| | | | | |

| ☐ Consent | ☐ Confidential Data | ☐ Merger Allowed | ☐ Manufacturing |
|---|---|---|---|

**Note: Additional information that is not available on this system is located in the Card File.**

**View filings for this business entity:**

Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement
Articles of Consolidation – Foreign and Domestic

[ View filings ]

**Comments or notes associated with this business entity:**

[ New search ]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

ALISA MOVSESYAN,

     Plaintiff,                   Case No:
                                 Judge
v.                             Magistrate

THE TJX COMPANIES, INC.,

     Defendant.

---

| Neil A. Davis (P47046) | John J. Gillooly (P41948) |
|---|---|
| LAW OFFICE OF NEIL A. DAVIS, PLC | GARAN LUCOW MILLER, P.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 30500 Northwestern Hwy., Ste 500 | 1155 Brewery Park Blvd., Ste 200 |
| Farmington Hills, MI  48334 | Detroit, MI  48207 |
| 248.865.7740 / 248.904.1984 (fax) | 313.446.5501 |
| Neil@NDavisLaw.com | jgillooly@garanlucow.com |

---

## **AFFIDAVIT**

STATE OF MICHIGAN )
                           ) ss.
COUNTY OF WAYNE )

     JOHN J. GILLOOLY, being first duly sworn, deposes and says, that

he is associated with the law firm of GARAN LUCOW MILLER, P.C. and

that he has been charged with the defense and representation of THE TJX

COMPANIES, INC. Defendant, herein; that in such capacity he has

prepared the foregoing Notice for Removal of Cause to the United States

District Court, Eastern District of Michigan, Southern Division, that the

matters set forth in said Notice are true except as to those matters stated herein to be upon his information and belief as to which matters he is informed and believes same to be true.

Further deponent sayeth not.

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)

Subscribed and sworn to before me
on the 28th day of August, 2019.

/s/Deborah Brossoit
Deborah Brossoit, Notary Public
County of Wayne, State of Michigan
My Commission Expires: 09/19/2020

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

ALISA MOVSESYAN,

     Plaintiff,                    Case No:
                                           Judge

v.                                   Magistrate

THE TJX COMPANIES, INC.,

     Defendant.

| | |
|---|---|
| Neil A. Davis (P47046)<br>LAW OFFICE OF NEIL A. DAVIS, PLC<br>Attorney for Plaintiff<br>30500 Northwestern Hwy., Ste 500<br>Farmington Hills, MI  48334<br>248.865.7740 / 248.904.1984 (fax)<br>Neil@NDavisLaw.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendant<br>1155 Brewery Park Blvd., Ste 200<br>Detroit, MI   48207<br>313.446.5501<br>jgillooly@garanlucow.com |

## <u>PROOF OF SERVICE</u>

STATE OF MICHIGAN)
                       ) ss.
COUNTY OF WAYNE )

     DEBORAH BROSSOIT, being first duly sworn, deposes and says that she is employed with the law firm of GARAN LUCOW MILLER, P.C., and that on the 28th day of August, 2019, she caused to be served a true copy of **NOTICE FOR REMOVAL, AFFIDAVIT and PROOF OF SERVICE** upon the following:

**Neil A. Davis, Esq.**          Clerk Assignment
Neil@NDavisLaw.com       OAKLAND COUNTY CIRCUIT COURT
                                1200 N. Telegraph Road, Dept. 404
                                Pontiac, MI  48341-0407

by electronic filing the foregoing paper with the Clerk of the Oakland County Circuit Court using the E-File & Serve system.

                                          /s/Deborah Brossoit

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ALISA MOVSESYAN,

      Plaintiff,

v. .

THE TJX COMPANIES, INC.,

      Defendant.

Case No: 19-175726-NO
Judge Shalina Kumar

| | |
|---|---|
| Neil A. Davis (P47046)<br>LAW OFFICE OF NEIL A. DAVIS, PLC<br>Attorney for Plaintiff<br>30500 Northwestern Highway, Suite 500<br>Farmington Hills, MI  48334<br>248.865.7740 / 248.904.1984 (fax)<br>Neil@NDavisLaw.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendant<br>1155 Brewery Park Blvd., Ste 200<br>Detroit, MI  48207<br>313.446.5501 313.259.0450 (fax)<br>jgillooly@garanlucow.com |

## NOTICE OF FILING OF REMOVAL

**PLEASE TAKE NOTICE** that a Notice of Removal of the entitled action from the

Oakland County Circuit Court, State of Michigan, to the United States District Court for

the Eastern District of Michigan, a copy of which is attached hereto, was duly filed

August 28, 2019, in the United Sates District Court for the Eastern District of Michigan.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

 /s/John J. Gillooly
Attorney for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI   48207
313.446.5501
jgillooly@garanlucow.com
P41948

Dated: August 28, 2019

DETROIT-#1464380.docx

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ALISA MOVSESYAN,

      Plaintiff,

                                        Case No: 19-175726-NO
                                        Judge Shalina Kumar

v.

THE TJX COMPANIES, INC.,

      Defendant.

| Neil A. Davis (P47046) | John J. Gillooly (P41948) |
|---|---|
| LAW OFFICE OF NEIL A. DAVIS, PLC | GARAN LUCOW MILLER, P.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 30500 Northwestern Highway, Suite 500 | 1155 Brewery Park Blvd., Ste 200 |
| Farmington Hills, MI  48334 | Detroit, MI  48207 |
| 248.865.7740 / 248.904.1984 (fax) | 313.446.5501 313.259.0450 (fax) |
| Neil@NDavisLaw.com | jgillooly@garanlucow.com |

## **PROOF OF SERVICE**

STATE OF MICHIGAN)
                       ) ss.
COUNTY OF WAYNE )

    DEBORAH BROSSOIT, being first duly sworn, deposes and says that she is employed by GARAN LUCOW MILLER, P.C., and that on the **28th** day of **August, 2019**, she served by electronic filing the foregoing paper with the Clerk of the Court using the Court's E-File & Serve system which will send notification of such filing to the following:

                              **Neil A. Davis, Esq.**
                              Neil@NDavisLaw.com

                              /s/Deborah Brossoit